IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PEM-AIR TURBINE ENGINE** | § | |
| **SERVICES LLC, a Florida limited liability** | § | |
| **company,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. **3:21-cv-00180-L** |
| | § | |
| **NAVYUG GUPTA, a Texas individual;** | § | |
| **and PRENEET HOLDINGS, INC., a Texas** | § | |
| **corporation,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Pem-Air Turbine Engine Services, LLC's ("Plaintiff" or "Pem-Air") Motion to Strike Defendants' Affirmative Defenses (Doc. 22) ("Motion to Strike"), filed on February 15, 2022; and Plaintiff's Motion to Dismiss Defendants' Counterclaim (Doc. 23) ("Motion to Dismiss"), filed on February 15, 2022. After careful consideration of the motions, pleadings and briefs, and applicable law, the court, for the reasons herein explained, **denies** Pem-Air's Motion to Dismiss (Doc. 23) with respect to Preneet Holdings' breach of contract claim; **grants** Pem-Air's Motion to Dismiss (Doc. 23) with respect to Mr. Gupta's breach of contract claim; **grants** Pem-Air's Motion to Strike (Doc. 22); and **directs** Defendants to replead its affirmative defenses in accordance with the standards set forth in this opinion by **July 29, 2022**.

### I.    Factual and Procedural Background

On January 27, 2022, Pem-Air initiated this civil action, based on diversity jurisdiction, seeking damages against Defendants Navyug Gupta ("Mr. Gupta") and Preneet Holdings, Inc. ("Preneet Holdings") for their alleged breach of a contract, breach of express and implied

warranties, fraud, and unjust enrichment. *See* Doc. 1. Specifically, Pem-Air alleges that it "offers services relating to the maintenance and sale of aircraft engines." *Id.* ¶ 7.  It purchased an aircraft in the United Kingdom on February 28, 2020, to remove its engines.  *Id.* ¶ 8.  To properly remove the engine without damaging it or potentially injuring maintenance workers, Pem-Air needed a bootstrap kit and engine stands.  *Id.* ¶ 10-13. Pem-Air then entered into negotiations with Preneet Holdings to purchase two engine stands and lease a bootstrap kit, including all necessary materials for the specific aircraft engines, for $49,000.  *Id.* ¶¶ 18-20. Mr. Gupta, Preneet Holdings' "sole member," *id.* ¶ 6, responded that the requested materials would be expedited and ready for shipment on May 1, 2020.  *Id.* ¶ 22.  Accordingly, Pem-Air paid Preneet Holdings the quoted and invoiced amount.  *Id.* ¶ 29. Despite paying the invoices, Pem-Air alleges that Defendants "never had" and "never shipped" the materials Pem-Air paid for under the contract.  *Id.* ¶¶ 57; 59.

On March 1, 2021, Defendants filed their respective motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and the court issued its memorandum opinion and order denying those motions on December 22, 2021. *See* Docs. 9, 10, 16, 17. Defendants then filed their first amended answer and original counterclaim against Pem-Air. *See* Doc. 20. In their amended answer, Defendants assert the following affirmative defenses:

116.   Plaintiff's Complaint fails to state a claim upon which relief can be granted.

117.   Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, justification, and/or estoppel.

118.   Plaintiff's claims are barred by the statute of frauds.

119.   Some or all of Plaintiff's claims may be barred by the applicable statute(s) of limitations.

120.   Defendant pleads the affirmative defenses of release, novation, and ratification and modification.

121.   Plaintiff has failed to mitigate its damages, if there are any damages.

122.   Plaintiff's claims are barred due to failure to give notice.

123.    Plaintiff is not entitled to recover its attorney's fees in this action.

124.    Plaintiff is not entitled to relief due to Plaintiff's failure to perform under the contract.

125.    Plaintiff's claims are barred because the enforcement of the contract, or the relevant portions thereof, would be unconscionable and/or would violate public policy.

126.    Defendant pleads the affirmative defense of accord and satisfaction.

127.    Some or all of Plaintiff's claims must be dismissed for lack or failure of consideration.

128.    Some or all of Plaintiff's claims must be dismissed due to duress, unclean hands, and/or unconscionability.

129.    Some or all of Plaintiff's claims must be dismissed due to Defendants timely rejection.

130.    Some or all of Plaintiff's claims must be dismissed due to mutual or unilateral mistake.

131.    Some or all of Plaintiff's claims must be dismissed because Defendants did not agree to essential contract terms.

132.    Some or all of Plaintiff's claims must be dismissed due to lack or failure of a valid offer.

133.    Some or all of Plaintiff's claims must be dismissed due to uncertain essential contract terms.

Doc. 20 at 10-11.

Additionally, Defendants assert a breach of contract claim against Pem-Air alleging that they entered into "a valid contract for the lease of a bootstrap kit" and that they "performed all of [their] obligations under the rental agreement," but "[Pem-Air] breached its obligations under the agreement by failing to timely return the bootstrap kit and failing to pay the ongoing rental fees." *Id.* at 12.

In its motions, Pem-Air seeks to have (1) Defendants' affirmative defenses struck for failing to meet the pleading requirement under Federal Rule of Civil Procedure 12(f); and (2) Defendants' breach of contract claim against it dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Pem-Air indicated that Defendants oppose its

Motion to Strike and are presumed to oppose the Motion to Dismiss.[1] To date, however, Defendants have not filed a response to either motion, and the deadline to do so passed on March 8, 2022.[2]

## II.   Applicable Law

### A.  Rule 12(b)(6) – Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

---

[1] Local Rule 7.1(b) of the Northern District of Texas does not require a certificate of conference for motions to dismiss.

[2] Local Rule 7.1(e) provides that "[a] response and brief to an opposed motion must be filed within 21 days from the date the motion is filed."

**Memorandum Opinion and Order – Page 4**

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or

legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

### B.  Rule 12(f) – Motion to Strike

Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057-58 (5th Cir. 1982). The court has discretion to strike an insufficient defense or redundant, immaterial, impertinent, or scandalous matter *sua sponte*. Fed. R. Civ. P. 12(f)(1); *McCorstin v. U. S. Dep't of Labor*, 630 F.2d 242, 244 (5th Cir. 1980). While a party is limited to 21 days in moving to strike, such limitation does not apply to the court, as it may act *sua sponte* at any time in striking the defense. *Wine Mkts. Int'l, Inc. v. Bass*, 177 F.R.D. 128, 133 (E.D.N.Y. Jan. 23, 1998). The court may consider only whether the affirmative defenses asserted by Defendants are sufficient as a matter of law. The court may therefore consider: (1) whether the defenses are applicable, and (2) whether the defenses are sufficiently pled as to give Plaintiff fair notice. *See EEOC v. Courtesy Bldg. Servs.*,

No. 3:10-cv-1911, 2011 WL 208408, at *1 (N.D. Tex. Jan. 21, 2011) ("In striking a defense as insufficient, the defense must be insufficient as a matter of law. Additionally, there must be enough factual particularity in the affirmative defense to give the plaintiff 'fair notice.'" (citation omitted)). *See also Kaiser Aluminum*, 677 F.2d at 1061 (striking antitrust defense as insufficient as a matter of law because it did not apply to plaintiff's underlying action).

"An affirmative defense is subject to the same pleading requirements as is the complaint." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). Thus, an affirmative defense need only recite a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). A defendant must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff "fair notice." *Woodfield*, 193 F.3d at 362. It is unclear whether the plausibility standard for pleading, expressed in *Twombly*, 550 U.S. 544 (2007) and *Iqbal*, 556 U.S. 662 (2009), extends to the pleading of affirmative defenses. The Fifth Circuit has not addressed this issue. In the absence of guidance from the Fifth Circuit and Supreme Court, the court will apply the standard from *Woodfield*. *See Courtesy Bldg. Serv*s., 2011 WL 208408, *1 (applying the *Woodfield* standard in absence of guidance from Fifth Circuit and Supreme Court on applying *Twombly* and *Iqbal* standard to affirmative defenses); *Republic Title of Texas, Inc. v. First Republic Title, LLC*, No. 3:14-CV-3848-B, 2015 WL 1914635, at *1 (N.D. Tex. Apr. 27, 2015) (same); *CarrollClean LLC v. ACE Am. Ins. Co*., No. 3:21-CV-01359-N, 2022 WL 598243, at *2 (N.D. Tex. Feb. 28, 2022) (same). Under *Woodfield*, the "fair notice" pleading requirement is met if the defendant "sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." *Woodfield*, 193 F.3d at 362. A court employs a fact-specific analysis in deciding whether the plaintiff was unfairly surprised. *Id*.

### III.    Analysis

### A.  Rule 12(b)(6) Motion to Dismiss

In its Motion to Dismiss, Pem-Air asserts that Defendants' breach of contract claim fails as a matter of law because they fail to allege facts supporting any element of their breach of contract claim. Specifically, Pem-Air contends that the breach of contract claim asserted by Mr. Gupta should be dismissed "because there is no contract in any of the pleadings relating to Mr. Gupta, individually;" rather, the alleged contract was between Pem-Air and Preneet Holdings. Doc. 23 ¶ 3. Pem-Air also contends that the breach of contract claim asserted by Preneet Holdings should be dismissed because "it is undisputed that Preneet [Holdings] was the first to breach." The court disagrees with Pem-Air with respect to Preneet Holdings but agrees with respect to Mr. Gupta.

To prevail on a breach of contract claim and survive as 12(b)(6) motion, Defendants must set forth sufficient allegations to demonstrate the following: "(1) the existence of a valid contract; (2) performance or tendered performance by [them]; (3) breach of the contract by [Pem-Air]; and (4) damages sustained by [them] as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001)).

Although Defendants' Counterclaim asserts the breach of contract claim on behalf of Mr. Gupta and Preneet Holdings, the alleged facts in the Counterclaim show the existence of a contract between Preneet Holdings and Pem-Air, *not Mr. Gupta, Preneet Holdings, and Pem-Air*. Specifically, Defendants assert: "On April 27, 2020, Defendants provided Plaintiff with an invoice through GSEbay detailing the $6,000 rent due for a 30-day rental. The invoice is attached to Plaintiff's Complaint as Exhibit 3 and is incorporated by this reference as if fully set forth herein."

**Memorandum Opinion and Order – Page 8**

Doc. 20 ¶ 135. Pem-Air attached three invoices to its Complaint; however, none of the invoices mentions or references Mr. Gupta. Instead, the invoices only reference Pem-Air and Preneet Holdings.[3] Accordingly, the first element is not met with respect to Mr. Gupta's claim for breach of contract but is met with respect to Preneet Holdings' claim for beach of contract.

With respect to the second element, Preneet Holdings alleges, "On or about May 20, 2020, [it] delivered the bootstrap kit to [Pem-Air]." *Id.* ¶ 136. Preneet Holdings, in its answer to Pem-Air's Complaint, "admit[s] the shipment to Plaintiff may have been incomplete, but was otherwise fully functional, of high quality, and compliant with CF6-80A engines." *Id.* ¶ 60. Otherwise stated, Preneet Holdings alleges, which the court must take as true, that it materially performed under the contract and therefore was not the first party to breach the contract. Accordingly, Preneet Holdings' allegations are adequate enough to meet the second element.

Additionally, Preneet Holdings alleges sufficient facts to support the third and fourth elements. Specifically, it alleges that Pem-Air has "retained possession of the bootstrap kit, refusing to return it, and refusing to pay the accrued and accruing rent for its use." *Id.* ¶ 137. Preneet Holdings further alleges that Pem-Air "breached its obligations under the agreement by failing to timely return the bootstrap kit and failing to pay the ongoing rental fees . . . . As a proximate result of [Pem-Air's] breach, [Preneet Holdings has] suffered compensable damages exceeding $122,000.00." *Id.* ¶¶ 140, 142. Accordingly, Preneet Holdings set forth sufficient allegations demonstrating its breach of contract claim against Pem-Air.

### B.  Rule 12(f) Motion to Strike

In its Motion to Strike, Pem-Air asserts that the court should strike all of Defendants' affirmative defenses because they fail "to provide any 'fair notice' to sufficiently articulate

---

[3] Exhibit B includes a reference to "Peneet Holding" as the vendor; however, Exhibit A and C reference Preneet Holdings.

**Memorandum Opinion and Order – Page 9**

anything . . . and include the broad 'failure to state a claim upon which relief can be granted' defense as well as numerous 'naming' defenses without any notice regarding the basis of the defense." Doc. 22 ¶ 5. The court agrees.

Defendants' asserted affirmative defenses are so broad that they fall short of the minimum particulars and fail to provide enough information to alert Pem-Air to what the alleged problem is as to prevent unfair surprise. *See Woodfield*, 193 F.3d at 362 (finding "baldly naming the broad affirmative defenses of [] and 'waiver and/or release' falls well short of the minimum particulars needed to the identify the affirmative defense in question . . . ."); *Software Publishers Ass'n v. Scott & Scott, LLP*, No. 3:06-cv-0949-G, 2007 WL 2325585, at *2 (N.D. Tex. Aug. 15, 2007) (finding bald assertions that plaintiff's claims were barred "'by the doctrines of waiver, estoppel, and ratification,' 'by the doctrine of laches,' and due to the plaintiff's 'unclean hands' do not provide [defendant] with 'fair notice' of the defenses being advanced."). Rather than spend scarce judicial resources outlining the insufficiencies with each affirmative defense, the court will grant Pem-Air's Motion to Strike but will allow Defendants leave to replead their previous affirmative defenses with more particularity.

## IV.     Conclusion

For the reasons herein stated, the court **denies** Pem-Air's Motion to Dismiss (Doc. 23) with respect to Preneet Holdings' breach of contract claim; **grants** Pem-Air's Motion to Dismiss (Doc. 23) with respect to Mr. Gupta's breach of contract claim; **grants** Pem-Air's Motion to Strike (Doc. 22); and **directs** Defendants to replead its affirmative defenses in accordance with the *Woodfield* standard set forth in this order by **July 29, 2022**. Defendants' repleading **must** be limited to its previous affirmative defenses. Stated another way, Defendants cannot plead *new* affirmative defenses; instead, Defendants may only replead its previously asserted affirmative defenses with

enough factual particularity to give Pem-Air fair notice. If Pem-Air wishes to file a second motion to strike, it must do so by **August 5, 2022**.

**It is so ordered** this 19th day of July, 2022.

Sam A. Lindsay
United States District