IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PEM-AIR TURBINE ENGINE SERVICES LLC, | § § § § § | |
| Plaintiff, | | |
| V. | § § § | No. 3:21-cv-180-L-BN |
| NAYVUG GUPTA AND PRENEET HOLDINGS INC., | § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**[1]

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. *See* Dkt. No. 111.

Plaintiff Pem-Air Turbine Engine Services LLC, on November 28, 2023, filed Motion to Strike Untimely Discovery Responses served on November 3, 2023 by Defendants Navyug Gupta and Preneet Holdings, Inc. *See* Dkt. No. 95.

The Court GRANTS Plaintiff Pem-Air Turbine Engine Services LLC's Motion to Strike Untimely Discovery Responses Defendants' Motion for Leave to File Motion to Compel and for Sanctions [Dkt. No. 95] for the reasons and to the extent explained

---

1 Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

below.

When first responding to or answering discovery requests or requests for admission, "[t]he Federal Rules provide that parties can agree to – or file a motion to ask the court for an order to – allow the responding party to serve written objections, responses, or answers and produce responsive materials in a period longer than 30 days," as provided for in Federal Rules of Civil Procedure 29, 33(b)(2), 34(b)(1), 34(b)(2)(A), and 36(a)(3). *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 582 (N.D. Tex. 2018).

And Federal Rule of Civil Procedure 26(e)(1) provides that "[a] party ... who has responded to an interrogatory, [or] request for production ... must supplement or correct its ... response: (A) in a timely manner if the party learns that in some material respect the ... response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court." FED. R. CIV. P. 26(e)(1); *accord Hernandez v. Results Staffing, Inc.*, 907 F.3d 354, 361 (5th Cir. 2018) (explaining that, under Federal Rule of Civil Procedure 26(e)(1), "a party making a disclosure under, inter alia, a request for production, 'must supplement or correct its disclosure or response ... in a timely manner if the party learns that in some way the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing'").

Under Rule 26(e)(1), "[s]upplementation or correction must be done 'in a

timely manner' upon learning that the [response or answer] is incomplete or incorrect." *Fuller v. CIG Fin., LLC*, No. 3:22-cv-1289-D, 2023 WL 8482889, at *2-*3 (N.D. Tex. Dec. 7, 2023) (cleaned up). "Generally, supplementation 'should be made at appropriate intervals during the discovery period, and with special promptness as the trial date approaches.' Rule 26 advisory committee's note (1993)." *Id.* at *3 (cleaned up). Courts "have cautioned that problems can arise when they allow supplementation too close to the date of trial." *Everett Fin., Inc. v. Primary Residential Mortg., Inc.*, No. 3:14-cv-1028-D, 2017 WL 784766, at *2 (N.D. Tex. Feb. 28, 2017).

But, even in advance of a trial setting, "[w]hile courts have occasionally held that supplemental disclosures [or responses or answers] made at or past the discovery deadline are timely, that is generally only when the producing party has shown that it produced the information promptly after learning of it." *Id.* at *3 (cleaned up). That is, while, under Rule 26(e)(1), "the rules governing discovery impose a duty to supplement disclosures and responses that continues beyond the discovery closing date," the responding or answering party must do so "in a timely manner after receiving" the information or materials requiring supplementation or correction. *Aikens v. Cent. Oregon Truck Co., Inc.*, No. 4:20-CV-00567, 2021 WL 4312712, at *4 (E.D. Tex. Sept. 22, 2021) (cleaned up). Doing so timely is "precisely what the rules of discovery require." *Id.*

A court could set a deadline in its Federal Rule of Civil Procedure 16(b) scheduling order for Rule 26(e)(1) supplementation or correction, and, if it did so, a

party seeking to supplement or correct after the deadline would be required to show good cause under Rule 16(b)(4) to serve those supplemental or corrected disclosures, responses, or answers, where a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4).

But, absent such a court-imposed deadline, the Court cannot accept Pem-Air's argument that Rule 26(e)(1)'s "in a timely manner" requirement dictates that, if the party produces a supplement after one of the other deadlines in the case's scheduling order, including the discovery cut-off, the producing party must demonstrate good cause under Rule 16(b)(4) and obtain the Court's permission to use the supplement as an exhibit at trial (or elsewhere). *See* Dkt. No. 110 at 1-2 (relying on and quoting *Bowman v. R.L. Young, Inc.*, No. CV 21-1071, 2022 WL 3998641, at *3-*6 (E.D. La. Sept. 1, 2022)).

Rather, "Rule 26(e) places no other deadlines on supplementation of nonexpert disclosures," but "supplementation is subject to reasonable limits to ensure that it does not become a subterfuge for untimely disclosures." *Everett Fin.*, 2017 WL 784766, at *2. And, so, as other judges in this district have explained, absent a stated deadline for Rule 26(e)(1) supplementation, supplementation after a scheduling order's discovery cut-off may generally be considered untimely under Rule 26(e)(1) unless "the producing party has shown that it produced the information promptly after learning of it." *Fuller*, 2023 WL 8482889, at *3 (citing cases).

Federal Rule of Civil Procedure 37(c)(1), in turn, provides that, "[i]f a party fails to provide information ... as required by ... [Rule 26(e)(1)], the party is not

allowed to use that information ... to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless," and that, "[i]n addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in [Federal Rule of Civil Procedure] 37(b)(2)(A)(i)-(vi)." FED. R. CIV. P. 37(c)(1); *accord Olivarez v. Geo Group, Inc.*, 844 F.3d 200, 203 (5th Cir. 2016) (explaining that "a party is subject to sanctions under Rule 37(c)(1) if the 'party fails to provide information or identify a witness as required by Rule 26(a) or (e), ... unless the failure was substantially justified or is harmless'").

And the failures to comply with Rule 26(e)(1) that Rule 37(c)(1) addresses include failures to correct or supplement "in a timely manner." *See Coleman v. Chevron Phillips Chem. Co. LP*, No. CV H-23-350, 2024 WL 460248, at *9 (S.D. Tex. Feb. 6, 2024); *Lewis v. Cain*, No. CV 15-318-SDD-RLB, 2022 WL 17485561, at *6 (M.D. La. Dec. 7, 2022); *Nola Fine Art, Inc. v. Ducks Unlimited, Inc.*, No. CIV.A. 13-4904, 2015 WL 459685, at *1-*2 (E.D. La. Feb. 3, 2015); *Butler v. Exxon Mobil Ref. & Supply Co.*, No. CIV.A. 07-386-RET-CN, 2011 WL 289645, at *2 (M.D. La. Jan. 25, 2011).

"When a party moves for sanctions because the opposing party has failed to timely disclose or supplement its disclosures [or responses or answers], courts turn to Rule 37 to determine if sanctions are warranted. The most basic sanction is

exclusion of the information or witness unless the failure was substantially justified or harmless. …. But the court can impose other sanctions." *Fuller*, 2023 WL 8482889, at *3 (cleaned up).

"In evaluating whether a violation of Rule 26 is harmless, the court examines four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose. The court considers the four-factor test holistically. It does not mechanically count the number of factors that favor each side." *Fuller*, 2023 WL 8482889, at *3 (cleaned up).

"The disclosing (or late disclosing) party bears the burden of proving the failure to timely disclose was substantially justified or harmless." *Lopez v. Fun Eats & Drinks, LLC*, No. 3:18-cv-1091-X, 2021 WL 3502361, at *4 (N.D. Tex. July 16, 2021), *rep. & rec. adopted*, 2021 WL 3493496 (N.D. Tex. Aug. 9, 2021); *accord Coleman*, 2024 WL 460248, at *9; *Fuller*, 2023 WL 8482889, at *3.

Pem-Air argues that Defendants' amended responses served on November 3, 2023 are not subject to Rule 26(e)(1) at all because they are not truly supplementing or correcting earlier served responses and answers as that Rule contemplates. *Cf. Brennan's Inc. v. Dickie Brennan & Co. Inc.*, 376 F.3d 356, 375 (5th Cir. 2004) ("If, as the defendants say, the subsequent report was not really 'supplemental' but instead effectively replaced the earlier report, the duty to supplement would not by itself provide a reason to exclude Legier's testimony – though there might well be other

grounds to exclude it, such as that the plaintiffs' disclosures were untimely or otherwise violated Rule 26(a) or the court's scheduling order.").

But the Court will assume, for these purposes, that Defendants' amended or supplemental responses and answers served on November 3, 2023 are subject to Rule 26(e)(1) and assess whether they were served "in a timely manner." Defendants served their original responses to Pem-Air's document requests on April 1, 2022, and Preneet originally served answers to Pem-Air's interrogatories on June 22, 2023.

To explain the timing, Defendants point to:

- the Court's dismissing Gupta's breach of contract claim on July 19, 2023 and directing Defendants to replead affirmative defenses, after which Defendants filed their Second Amended Answer and Amended Counterclaim [Doc. No. 26] on July 26, 2023;

- Pem-Air's taking an August 4, 2023 deposition of Mehmet Tumba, as corporate representative of MTS Ground Support Equipment, LLC;

- Defendants' serving supplemental document productions on August 4, 2023 and October 2, 2023; and

- Pem-Air's serving additional documents on August 9, 2023 and in November 2023.

Defendants explain that they "recognized the need to supplement and correct their disclosures and responses to written discovery, based on the parties four separate document productions between July 7, 2023, the discovery deadline, and the date of Defendants' Supplemental Initial Disclosures and amended responses to

-7-

RFPs and Interrogatories, October 31, 2023 and November 3, 2023, respectively, and filing of Defendants' Second Amended Answered and Amended Counterclaim," and that "[b]y then, additional potential witnesses/individuals with information and responsive documents were identified in such document productions after July 7 and Defendants' defenses and counterclaims were amended as of July 19." Dkt. No. 109 at 6. According to Defendants, they were therefore required by Rule 26(e)(1) "to supplement and correct any previous disclosures and responses to RFPs and interrogatories," and, "[a]ccordingly, Defendants' amended responses to RFPs treat such RFPs as seeking information about Defendants' Second Amended Answer and Amended Counterclaim." *Id.*

But none of those events explains why Defendants waited until November 3, 2023 to serve these amended or supplemental responses and answers. Defendants point to Pem-Air's document production in November 2023 but never explain why that made any or all of their supplemental responses and answers timely. Defendants never explain that or how they served any new, different, or changed information promptly after learning of it – even assuming that all of the amended or revised responses and answers convey, as Rule 26(e)(1) requires, information (1) that is required to be disclosed because the original responses and answers were each, in some material respect, incomplete or incorrect and (2) that has not otherwise been made known to Pem-Air during the discovery process or in writing.

The Court finds that Defendants' amended or supplemental responses and answers served on November 3, 2023 were not, in violation of Rule 26(e)(1), served

"in a timely manner."

Under Rule 37(c)(1), Defendants are not allowed to use that information to supply evidence on a motion, at a hearing, or at trial, unless the failure to timely supplement or correct was substantially justified or is harmless.

And the Court finds that Defendants have not shown that this failure was harmless or substantially justified. As Pem-Air persuasively argues, these supplements are not important where "Defendants were able to not only oppose summary judgment without the amended discovery responses, but also file their own motion for summary judgment," and so are "able to proceed with this case without the 'supplemental' material." Dkt. No. 96 at 13. And Pem-Air is prejudiced by these supplemental discovery responses and answers where briefing on the parties' cross-motions for summary judgment was complete before November 3, 2023, and, although trial has been continued, discovery is closed.

The Court determines that the appropriate sanction under Rule 37(c)(1) is to exclude Defendants' amended or supplemental responses and answers served on November 3, 2023 for all purposes in this case, including evidence on a motion, at a hearing, or at trial. That is, whether or not properly classified as "striking" these supplements, for all purposes going forward, Defendants' operative answers and responses to Pem-Air's discovery requests are those served prior to November 3, 2023.

The Court otherwise determines that, considering all the circumstances, no other sanctions or fee-shifting are necessary or appropriate here under Rule 37(c)(1).

SO ORDERED.

DATED: February 22, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE